The opinion of the court was delivered by

Mr* Justice Johnson.

If we were to consider the first proposition, with reference only to the inducements which operated on the defendant'to' enter into this contract and the probable advantages that may have resulted to him from it, we should- find it difficult to detect any thing legally usurious or immoral' in the transaction. But if we examine the inducements which operated- on the other party to the contract, the atteiñpted acquisition- of unlawful gain is clearly, detected. He secured to- himself aft interest on the debt which the defendant owed- him; at the rate of about-eighty-five .pe? cent, per annum,- and if such a contract- waíí *408 good for one month, it must necessarily be so for a year and so on ad infinitum.
An ingenious usurer would find no difficulty in bringing about a state of things with respect to his loan, embraced in the principle contended for in support of the motion; all contracts founded on usurious consideration would necessarily fall into that channel", and the act against usury would become a dead letter. The authorities are I think clear on this point, Pollard, vs. Scholy, Cro. Eliz. 20. “ Pollard sold to the defendant some oxen, to he paid for at a given time; when the time was arrived, Scholy required’ a longer day for payment and Pollard granted it, paying to him so much wheat as exceeded the legal interest. The defendant, in debt, pleaded the statute against usury and would avoid the contract, and the opinio» of the justice was that the statute doth not make the contract void which was duly made; doth only void all contracts for usury, and this last contract is void, being against the statute; but' the first was good being made bona fide. (See also Spurrier, vs. Mayoss, 1 Ves. jun. 531.
I have not been able to discover any foundation for the second ground of the motion. If it be placed on the footing, that the plaintiffhad paid a full consideration for the note, it is answered that this is not supported by the facts. It is true, that plaintiff credited Benson with the amount, but it is equally true that before he did so, he required that Benson should guarantee the payment of the note; so that as between him and Benson, he is in precisely the same condition that he was before he gave the credit. Admitting however that it was otherwise, it could not effect the question. It has been before shown, that as between Benson and the defendant, the contract was usurious; and if it was known to plaintiff, he was as mud; a party to it as jf he had been the person benefited.
The view taken by the circuit court, placed this question on a more favorable footing for the plaintiff than 1 am inclined to think was justifiable in point of law. It is universally admitted that a promissory note, founded on an usurious consideration is void, even in the hands of endorsee without notice; *409 and I cannot distinguish between the two cases in the application of the principle. It is enough for the present however, to decide the case before the court. Motion refused.
Farrow, and Henry, for motion.
Irby, and Goodman, oonjra.
Colcock, Gantt, and JVoti, Justices, concurred.